# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

**\*\*\***

STEVEN HAIGH,

                Plaintiff,

vs.

CONSTRUCTION INDUSTRY & LABORERS
JOINT PENSION TRUST FOR SOUTHERN
NEVADA, PLAN A & PLAN B and THOMS
WHITE,

                Defendants.

Case No. 2:14–cv–1545–JAD–VCF

## **ORDER**

MOTION TO STAY DISCOVERY (#57)
MOTION TO SHORTEN TIME (#59)

This matter involves Steven Haigh's civil action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1), (3), (d)(2), for the wrongful suspension of Haigh's pension benefits. *See* (Am. Compl. #39).[1] Before the court are Defendants' Motion to Stay Discovery (#57) and Motion to Shorten Time (#59), which requests an expedited review of their Motion to Stay Discovery. For the reasons stated below, Defendants' Motion to Shorten Time (#59) is granted and their Motion to Stay Discovery (#57) is denied.

## I. BACKGROUND

In February of 1989, Steven Haigh was 18 years-old. (Compl. (#1) at ¶ 7). He joined a union, enrolled in a pension plan, and began his first job. (*Id*. at ¶¶ 7–8). He worked on union projects for the next 18 years. (*Id*. at ¶ 9).

Haigh retired from the union in October 2007 and submitted an application to receive pension benefits. (*Id*. at ¶¶ 10, 12–13). Under the terms of the union's pension plan, retirees are required to "refrain

---

[1] Parenthetical citations refer to the court's docket.

from the employment for wages or profit in the type of work included in the Collective Bargaining Agreement" if the retiree wants to receive pension benefits. *See* (id. at ¶ 15); (Pl.'s Mot. to Compel (#19) at 11 ¶ 19) (citing Ex. 6). The plan gave Haigh's employer the "sole and absolute discretion" to interpret and apply the plan and determine whether a plan beneficiary failed to refrain from prohibited work. *See* (Plan Rules (#24-1) at §§ (G)(3)(b), (H)).

Haigh's application to receive pension benefits was accepted and he started collecting monthly pension benefits in October 2007. (Compl. (#1) at ¶¶ 12–13). Around the same time, Haigh obtained a concrete contractor's license, formed A&J Concrete, and began working for Tutor-Perini Building Company as a concrete superintendent. (Compl. (#1) at ¶¶ 12–13). Tutor-Perini Building Company is widely known as a union contractor. (*Id*. at ¶ 13).

In March of 2012, Haigh left the Tutor-Perini Building Company and began working full-time for his own company, A&J Concrete. (*Id*. ¶ 14). A&J Concrete is not a union contractor. (*Id*.)

On April 9, 2014, Haigh received a letter from the pension's counsel, advising him that his pension benefits had been suspended because Haigh had not refrained from the type of employment encompassed by the Collective Bargaining Agreement. (*Id*. at ¶ 15).

Haigh timely appealed the decision to suspend his benefits. (*Id*. ¶ 21). And on June 27, 2014, an administrative body informed Haigh that the decision to suspend his benefits had been upheld. (*Id*.)

On September 22, 2014, Haigh commenced this action against the Construction Industry & Laborers Joint Pension Trust for Southern Nevada, Plan A & Plan B and Thomas White, the chairperson of the plan (hereinafter: "Defendants"). He alleges that the pension's trustees arbitrarily and capriciously suspended his benefits because Haigh's positions as a supervisor at the Tutor-Perini Building Company and owner of A&J Concrete do not qualify as prohibited employment under the pension plan. (*Id*.

at ¶¶ 19, 23–24).). The complaint also notes that Defendants' decision to suspend his benefits was designed to harass him for operating A&J Concrete, a non-union contractor. (*Id*. at ¶ 24, n. 2).

On October 23, 2014, the pension answered and counterclaimed, seeking, *inter alia*, the disgorgement of all pension benefits paid to Haigh from October 1, 2007 through April 9, 2014, which totals $239,761.00. (Am. Answer (#8) at ¶ 23).

In early 2015, Haigh served written discovery requests on the pension and notified it that he wishes to take the depositions of individuals who were involved in the decision to suspend his benefits. Defendants answered Haigh's written discovery requests and allegedly refused to sit for a deposition. This prompted a discovery dispute, which resulted in an order from this court finding that Haigh's initial complaint "pled [himself] out of discovery." *See* (Doc. #31 at 9:14).

Haigh subsequently amended his complaint and is now conducting discovery in connection with the claims in his amended complaint. Defendants continue to resist discovery. On August 26, 2015, Defendants filed the instant Motion to Stay Discovery (#57) and, on September 15, 2015, Defendants filed the instant Motion to Shorten Time (#59), which requests an expedited review of their Motion to Stay Discovery. The court grants Defendants' request to shorten time and addresses their Motion to Stay below.

## II. LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. And the Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

3

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Obtaining a protective order is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

In the context of a motion to stay discovery pending a dispositive motion, Rule 26(c) requires the movant to (1) show that the dispositive motion raises no factual issues, *see Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and (2) "convince" the court that the dispositive motion will be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597,

603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. *Id.* "Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id.* Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982).

### III. DISCUSSION

Defendants' move to stay on two grounds. First, Defendants contend that Haigh lacks standing to assert a claim against Thomas White, the chairmen of the plan. The court finds that this argument is insufficient to warrant a stay. Even if Haigh lacks standing to assert a claim against White, Haigh may still obtain discovery from the plan.

This brings the court to Defendants' second basis for a stay. They assert that discovery is unnecessary, and judgment may be entered on the pleadings, because the court's review should be limited to the administrative record. *See* (Doc. #57 at 5:8–11; 6:5) ("Defendants rely on their arguments set forth in the pending Motion to Dismiss and Motion for Summary Judgment for the proper standard of review and that discovery must be limited to the Administrative Record on Appeal.").

For pretrial purposes, the court has already rejected this argument on at least two occasions.[2] On April 24, 2015, the court determined that Haigh could have conducted discovery beyond the administrative record had he pled the proper claims. And, on June 26, 2015, the court granted Haigh's motion to amend his complaint to permit Haigh to state a claim entitling him to discovery that goes beyond the administrative record. The court, therefore, does not find that good cause exists to stay discovery.

---

[2] Because this issue raises a dispositive question, the presiding District Judge may reach a different conclusion. That has not occurred and this court sees no reason why it should reconsider its prior orders.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay Discovery (#57) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Shorten Time (#59) is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE